THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* WILLIAM J. DUNN, Appellant.

Crimes — larceny in second degree — trial — evidence — charge — evidence that money had been repaid incompetent to show attempt by defendant to influence prosecuting witness in absence of evidence showing connection of defendant with payment — employee of defendant who knew of crime and aided and assisted defendant in committing it an accomplice — erroneous charge that he was not.

1. Upon trial of an indictment for larceny, testimony that the money alleged to have been stolen had been repaid to complainant by unidentified persons is incompetent to show that the defendant attempted wrongfully to influence the action, appearance or testimony of the prosecuting witness, in the absence of evidence showing defendant's connection with the payment.

2. Where it appears from the evidence that an employee of defendant, called as a witness by the prosecution, knew that defendant was misappropriating money of his customers and aided and assisted him in so doing during his absence from his office, such employee participated as a principal in the larceny and was equally guilty with and an accomplice of defendant. The statute requiring corroboration of his testimony, therefore, applied and a charge of the trial court that he was not an accomplice constituted error.

*People* v. *Dunn*, 211 App. Div. 847, reversed.

(Submitted October 11, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 19, 1924, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon a verdict convicting the defendant of the crime of grand larceny in the second degree.

*George Sylvester* and *George Z. Medalie* for appellant. Prejudicial testimony was admitted which requires a

reversal of the judgment of conviction. (*People* v. *Buzzi*, 238 N. Y. 390; *Nowack* v. *Metropolitan St. R. Co.*, 166 N. Y. 433; *People* v. *Shillitano*, 218 N. Y. 161; *Wertheimer* v. *N. Y. Rys. Co.*, 177 App. Div. 448; *Lacs* v. *Everard's Breweries*, 170 N. Y. 444.) The court erred in refusing to submit to the jury the question whether or not Cooper was an accomplice. (*People* v. *Crossman*, 241 N. Y. 138; *People* v. *Zucker*, 20 App. Div. 363; 154 N. Y. 770; *People* v. *Elliott*, 155 App. Div. 486; *People* v. *Richardson*, 222 N. Y. 103; *People* v. *Katz*, 209 N. Y. 311.)

*Joab H. Banton, District Attorney* (*Robert C. Taylor* of counsel), for respondent. The People were properly permitted to show that, while this case was on the day calendar reaching trial, Welcker received restitution from defendant's wife. (Wigmore on Ev. [2d ed.] § 105.) Lawson states a like doctrine, quoting from *State* v. *Reed*, 62 Me. 130; Lawson Pres. Ev. [2d ed.] 593, 594, rule 107; *People* v. *Vitusky*, 155 App. Div. 139. Cooper was not an accomplice. (*People* v. *Zucker*, 20 App. Div. 363; 154 N. Y. 770; *People* v. *Bright*, 203 N. Y. 73; *People* v. *Sweeney*, 213 N. Y. 37; *People* v. *Swersky*, 216 N. Y. 471; *People* v. *Cohen*, 223 N. Y. 406; *People* v. *Ogle*, 104 N. Y. 511; *People* v. *McGuire*, 135 N. Y. 639; *People* v. *McGonegal*, 10 N. Y. Crim. Rep. 141; 136 N. Y. 62; *People* v. *Ellenbogan*, 114 App. Div. 182; 186 N. Y. 603; *People* v. *Gilhooley*, 108 App. Div. 234; 187 N. Y. 551; *People* v. *Yannicola*, 133 App. Div. 885.)

CRANE, J. The defendant was convicted in the Court of General Sessions of grand larceny, second degree, and the judgment has been unanimously affirmed by the Appellate Division. He appeals to this court upon errors committed in the admission of evidence. His appeal must be allowed, the judgments reversed and a new trial granted.

The defendant was in the stock brokerage business at

No. 1 Wall street, New York city. In November, 1921, a customer, Jerome L. Welcker, gave to the defendant's employee, one Sidney Cooper, $400.25 to purchase six $100 prior lien four per cent bonds of the St. Louis and San Francisco railroad. The money went into the defendant's bank account. The bonds were never purchased. The money was apparently appropriated by the defendant. The defense was that the defendant was not in the city of New York in the month of November and knew nothing about the transaction; that he never knowingly appropriated the plaintiff's money.

The defendant might be liable civilly for money received by Cooper although not liable criminally. His ignorance of Welcker's dealing with Cooper would not relieve him from liability to pay his customer but might relieve him criminally. If Cooper took the money, failed to buy the bonds, Dunn would be liable to return the money or else for damages suffered through his agent's neglect. He could not be liable for a crime, however, unless he knowingly appropriated or misapplied Welcker's money. The trial of this action centered about the defendant's knowledge. At this point the prosecution introduced evidence that Welcker shortly before the trial was repaid the money which he had given to Cooper. The persons who paid him are not identified. They met him in the street, took him to a stationery store and gave him a check and cash. He says that he was told that the woman present was Mrs. Dunn. He did not know the people and it is not shown that such payment was made by the defendant or with his authority or that these persons were in any way connected with him or even that the woman was his wife. This testimony was received over the defendant's objection and exception and was incompetent in view of the use apparently made of it. Welcker stated that he would accept restitution provided that he prosecuted the case just the same.

A broker paying back money to his customer may be

evidence of the fact that he received the money or failed to carry out the customer's order but it is not evidence in itself of a crime or of misappropriation. The jury were told nothing about this. Under the circumstances of this case, the fact that the payment was made shortly before the trial and the emphasis which the district attorney made of the time of payment in his summing-up indicate that the evidence was apparently introduced and used for the purpose of showing that the defendant attempted wrongfully to influence the action, appearance or testimony of the prosecuting witness. This could not be done; at least without showing the defendant's connection with the payment, and in this case such evidence was totally lacking.

The court charged that defendant's clerk, Cooper, was not an accomplice. This question should have been left to the jury as a question of fact. Cooper took Welcker's money and gave him a receipt for it; also a statement that the firm had bought for his account the bonds ordered. Cooper signed the receipt and he signed the false statement. He deposited the money in the defendant's bank. He swears that he knew that the bonds were never purchased. He later told Welcker that another broker had a thousand-dollar bond which was to be split up so as to give him the required number. This also was false. If Cooper knew that Dunn, his employer, was misappropriating the money of customers and of Welcker, and he aided and assisted him in doing this, Dunn being absent from New York at the time, Cooper would be participating as a principal in the commission of larceny and would be equally guilty with Dunn.

Under the circumstances Cooper would be an accomplice of Dunn in the larceny of Welcker's money and the statute would then apply requiring corroboration of his testimony. In view of these errors, which, considering the whole case, cannot be considered unsubstantial or

harmless, we think the judgments should be reversed and a new trial ordered.

HISCOCK, Ch. J., ANDREWS and LEHMAN, JJ., concur; CARDOZO, POUND and McLAUGHLIN, JJ., concur on ground last stated in opinion.

Judgments reversed, etc.