The People of the State of New York, Respondent, *v.* Benjamin Marcus, Appellant.

Second Department, June 3, 1927.

Crimes — criminally receiving stolen property — separate trial of defendants — separate trial denied under Code of Criminal Procedure, § 391 — denial of separate trial not abuse of discretion — no variance between proof and allegations — proof shows that property in possession of defendant was stolen property — arguments of counsel — district attorney did not comment improperly on failure of defendant to take stand.

The defendant and others were jointly indicted, charged with criminally receiving stolen property as a second offense. The contention by the defendant that the trial court abused its discretion, under section 391 of the Code of Criminal Procedure, in denying his motion for a separate trial, cannot be sustained. The trial justice very carefully instructed the jury as to the necessity of considering the case against each defendant separately, and as to the effect of the declarations or conduct on the part of one defendant as bearing on his associates.

There was no variance between the allegations of the indictment and the proof offered to sustain the same. The contention that it was error not to open the trunk, in which the stolen furs were found, in the possession of the defendant and his associates, cannot be sustained, for it appears that the owner of the

stolen furs testified that he examined the contents of the trunk and that the furs found therein were stolen from his premises. There was no necessity for opening the trunk, which was produced on the trial. The proof shows that the furs found in the trunk were the stolen furs, the owner having testified to that effect. The court very carefully instructed the jury that they could not find a verdict of guilty unless the property found in the trunk was the identical property stolen from the complaining witness.

The district attorney did not comment improperly upon the failure of the defendant to take the stand. All that he did was to comment on the failure of the defendant and his associates to explain their possession of the furs at the time they were arrested.

APPEAL by the defendant, Benjamin Marcus, from a judgment of the County Court of Kings county, rendered on the 7th day of January, 1927, convicting him of the crime of criminally receiving stolen property as a second offense in violation of section 1308 of the Penal Law (as amd. by Laws of 1926, chap. 707).

*Isaac Siegmeister,* for the appellant.

*Henry J. Walsh, Assistant District Attorney [Charles J. Dodd, District Attorney,* with him on the brief], for the respondent.

KELLY, P. J. After the jury had been " duly drawn, examined, accepted, empanelled and sworn," according to the clerk's minutes in the record, counsel for defendant Marcus moved for a separate trial on the ground that a joint trial " would not award to him a fair and impartial trial, because there were a number of alleged confessions made by one or more of the co-defendants, which confessions are admissible against the defendant Benjamin Marcus (*sic*), and which confessions, if heard by the same jury, would be prejudicial to the defendant Benjamin Marcus and would not afford him a fair and impartial trial." I do not find that any of the defendants confessed his guilt to the police, and upon the trial none of the defendants was examined as a witness. The learned trial justice denied the motion, stating that the jury could distinguish between each case and the applicability of the evidence in the case under the charge of the court. The defendant Marcus excepted to this ruling. A similar motion was made on behalf of the defendant Tilzer and it was also denied over defendant Tilzer's exception, the trial justice stating that there was nothing to prevent the jury from considering each case on its facts and that " each individual will necessarily be considered on his own footing."

After the district attorney had opened the case for the prosecution, counsel for defendant Stern moved for a separate trial for that defendant " on the ground that section 391 of the Code of Criminal Procedure, being the law passed by the last session of the Legislature, is unconstitutional." The motion was denied over

de˜endant Stern's exception, as was a similar motion made on behalf of defendant Stein.

The appellant Marcus argues that it was error to refuse him a separate trial. He concedes that the section as amended by Laws of 1926, chapter 461, gives the trial court discretionary power as to permitting separate trials of defendants jointly indicted, but asserts that such exercise of discretion is subject to review in the appellate court. (*Matter of Sayles*, 84 App. Div. 210; *People* v. *Di Meo*, 181 id. 893; appeal dismissed, 224 N. Y. 612.) He argues that evidence as to conversation between the police and the other defendants, and evidence of the conduct of each of the codefendants, though admissible as against the particular defendant talking or acting, was not admissible against Marcus, and that it was impossible for the jury " to separate and distinguish the ' admissible ' from the ' inadmissible ' and then make appropriate applications of the ' admissible ' to each of the individual defendants." The learned trial justice in the exercise of his discretion thought otherwise; he carefully instructed the jury as to the necessity for considering the case of each defendant separately and as to the effect of declarations or conduct on the part of one defendant as bearing on his associates. The four defendants were involved in the same transaction, the possession of the furs stolen in Twenty-sixth Street, Manhattan, down on Ocean avenue, Brooklyn, a few days after the burglary. Reviewing this exercise of discretion by the learned trial justice, and after examining the evidence at the trial, I can find no ground for holding that there was any abuse of discretion in his refusing separate trials. Prior to the amendment of section 391 of the Code of Criminal Procedure by chapter 461 of the Laws of 1926 defendants jointly indicted for felony were given the right to demand separate trials. It was not a common-law right. (*United States* v. *Marchant*, 12 Wheat. 480, STORY, J.) As amended, the section now provides: " § 391. Separate trial of defendants jointly indicted. Defendants, jointly indicted, may be tried separately or jointly in the discretion of the court." On the record before us in this case, we think no right of the appellant Marcus has been denied him by the refusal of his request for a separate trial upon the grounds stated in his motion. Appellant Marcus' second point is that there is variance between the proof and the allegations of the indictment. I have some difficulty in following the argument of the learned counsel for the appellant Marcus under this point. He says there is no evidence that Marcus, who had the trunk in his possession and who bargained with the cab driver to take it to the Bronx, knew what it contained. At the time of the arrest, Marcus and his associates refusing to

Second Department, June, 1927.     [Vol. 220, App. Div.]

produce a key to the trunk, it was broken open and found to contain stolen furs. Farber, the owner of the stolen furs, says it contained $14,000 worth of the furs stolen from him. Counsel says the trunk was produced at the trial, but was not opened. I do not see the necessity of opening it. It had been opened at the police headquarters and the contents had been identified by Farber. Appellant's third point is that there was no proof that the furs in the trunk were the stolen furs. He asks, " Why wasn't the trunk opened? If the trunk contained any furs, why wasn't the complainant asked to identify those furs as the furs which had been stolen from him? " The difficulty with this argument is that Farber, the owner of the furs, testified that he examined and identified the furs found in the trunk in defendant's possession, and the learned trial justice instructed the jury that unless they were satisfied that the furs in the trunk examined by Farber were the furs stolen from him, the defendants were entitled to an acquittal. He said: " You must find that the property that was in the trunk, the furs, was the identical property that Farber has testified was in his loft building on the Tuesday night preceding that Saturday, when he locked up."

The appellant Marcus complains in his fourth point that the district attorney, in summing up, improperly commented upon defendant's failure to take the witness stand. The record does not bear out the charge made. The incident occurred at a time when the district attorney was referring to the explanations or lack of explanations by defendants at the time of their arrest. The learned trial justice expressly instructed the jury that the defendants were not obliged to take the witness stand at the trial and that no inference was to be drawn against them because they did not take the witness stand. The district attorney emphatically disclaimed any intention to refer to their failure to take the witness stand, stating that he was referring solely to their failure to explain their possession of the stolen furs at the time the police found the furs in their possession.

I have examined the alleged errors in the charge to the jury referred to by appellant Marcus in his fifth point. Without detailing them here, I am satisfied that there was no error. The charge to the jury appears to have been eminently fair.

For these reasons, I think the judgment of conviction of the appellant Marcus should be affirmed.

Present — KELLY, P. J., MANNING, KAPPER, LAZANSKY and HAGARTY, JJ.

Judgment of conviction unanimously affirmed.

# CASES REPORTED WITH BRIEF SYLLABI

## AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION