The People of the State of New York, Respondent, v. Martin Tilzer, Appellant.

Second Department, June 3, 1927.

Crimes — criminally receiving stolen property — separate trial — constitutionality of Code of Criminal Procedure, § 391, not presented — no showing that defendant's right to challenge jurors was interfered with.

The defendant, with three others, was jointly indicted for criminally receiving stolen property. A motion was made by the defendant for a separate trial, which was denied by the trial court. The constitutionality of section 391 of the Code of Criminal Procedure, so far as it affects the number of peremptory challenges allowed to the defendant, is not presented in the record. The record does not show that the defendant's right to challenge jurors was interfered with in any way, especially in view of the fact that the motion for a separate trial was not made until after the jury had been impaneled and sworn. The court did not err in denying defendant's motion for a separate trial.

Appeal by the defendant, Martin Tilzer, from a judgment of the County Court of Kings county, rendered on the 7th day of January, 1927, convicting him of the crime of criminally receiving

stolen property as a second offense in violation of section 1308 of the Penal Law (as amd. by Laws of 1926, chap. 707).

*Sol Tekulsky* [*Henry Clay Greenberg* with him on the brief], for the appellant.

*Henry J. Walsh, Assistant District Attorney* [*Charles J. Dodd, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. This case was heard on defendant's application, consented to by the district attorney, upon the printed record in *People* v. *Marcus* (220 App. Div. 697). The points presented by the appellant Tilzer are discussed in the opinion filed in the *Marcus Case* (*supra*). The constitutionality of section 391 of the Code of Criminal Procedure (as amd. by Laws of 1926, chap. 461), so far as it affects the number of peremptory challenges allowed to the defendant, is not presented on the record before us. The clerk's minutes of the trial recite that the jury was "duly drawn, examined, accepted, empanelled and sworn to try this issue, the defendants having been informed of their rights under section 369 of the Code of Criminal Procedure." This section refers to defendant's right to challenge jurors. There is nothing in the record to show that the appellant's right to challenge jurors was interfered with in any way. The motion for a separate trial was not made until after the jury had been impanelled and sworn. We can find nothing in the record to indicate that the learned trial justice erred in the exercise of his discretion in refusing a separate trial to the appellant, whose individual rights appear to have been carefully protected by the trial justice in his charge to the jury.

The judgment of conviction should be affirmed.

Present — KELLY, P. J., MANNING, KAPPER, LAZANSKY and HAGARTY, JJ.

Judgment of conviction unanimously affirmed.