THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACK STERN, Appellant.

Second Department, June 3, 1927.

Crimes — criminally receiving stolen property — evidence does not support conviction — constitutionality of Code of Criminal Procedure, § 391, not raised by record.

The evidence on this prosecution of the defendant for criminally receiving stolen property does not support the conviction. The only evidence that the defendant was in the possession of the property stolen is a visit by him to the apartment of two persons who had received the stolen property, and the fact that while

they were moving a trunk from the apartment he was seated in his car in the street. On the other hand, the evidence is to the effect that the defendant went to the apartment to purchase some of the furs but failed to do so because they were too old.

The defendant's contention that section 391 of the Code of Criminal Procedure, so far as it relates to the right to challenge jurymen, is not constitutional, is not presented on the record, for it appears that his motion for a separate trial was not made until after the district attorney had opened for the prosecution. There is nothing to show that the defendant's right to challenge was interfered with in any way, the interference with that right being the basis of his contention that the statute is unconstitutional.

APPEAL by the defendant, Jack Stern, from a judgment of the County Court of Kings county, rendered on the 7th day of January, 1927, convicting him of the crime of criminally receiving stolen property as a second offense in violation of section 1308 of the Penal Law (as amd. by Laws of 1926, chap. 707).

*Edward J. Reilly*, for the appellant.

*Henry J. Walsh, Assistant District Attorney [Char'es J. Dodd, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. This appeal was heard on defendant's application, consented to by the district attorney, upon the printed record in *People* v. *Marcus* (220 App. Div. 697).

In this case we are constrained to reverse the judgment of conviction for the sole reason that there was no sufficient evidence at the trial showing possession of the stolen property by the defendant Stern. In the case of the other defendants, Marcus, Tilzer and Stein, there was ev'dence of possession of the stolen furs in the defendants on the day of their arrest in Brooklyn, three days after the burglary in New York. But in the case of Stern, the evidence showed his arrival at the apartment house in Brooklyn, about eleven o'clock in the morning, staying in the apartment house for some t'me but without evidence as to which apartment he visited. He came out of the apartment house about a quarter to three in the afternoon with defendants Marcus and Tilzer, but, according to the witnesses, he went directly to his automobile, which he entered. His two companions stood on the curb and hailed a passing taxicab. One of them, Marcus, made arrangements with the driver to take a trunk to the Bronx, and the driver accompanied them to the lobby of the apartment house, from which they subsequently came out, Marcus and the cab driver carrying a trunk and Tilzer holding the door open for them. But during all this time the evidence at the trial was that the defendant Stern remained in his automobile outside, and that he took no part in the removal of the trunk, which contained the stolen furs.

We can find no evidence justifying a finding that he was at any time in possession of the stolen property. The police say that he told them he came over to buy some of the furs, but that they were too old, and, therefore, he did not purchase any of them.

The point made by the appellant Stern concerning the constitutionality of section 391 of the Code of Criminal Procedure (as amd. by Laws of 1926, chap. 461), so far as it affects the appellant's right to challenge jurymen, is not presented on the record before us. The appellant's motion for a separate trial was not made until after the jury had been " duly drawn, examined, accepted, empanelled and sworn to try this issue, the defendants having been informed of their rights under section 369 of the Code of Criminal Procedure," and not until after the district attorney had opened for the prosecution. There is nothing in the record to show that the appellant's right to challenge was interfered with in any way.

The judgment of conviction should be reversed upon the law and the facts, and a new trial granted.

KELLY, P. J., MANNING, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment of conviction reversed upon the law and the facts, and new trial granted.  _____