Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn [Municipal Term], convicting the defendant of a violation of section 183 of the Sanitary Code of the City of New York, reversed on the law, information dismissed and fine remitted. We are of the opinion that an owner of premises is guilty of a violation of section 183 of the Sanitary Code only when he has refused or neglected to comply with a regulation or order of the board of health made pursuant to sections 184 and 185 of the Sanitary Code. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HARBOR, Appellant.— Judgment of the County Court of Queens County convicting the defendant of burglary in the third degree as a second offender and sentencing him to not less than ten and not more than twenty years in Sing Sing Prison unanimously affirmed. As the record clearly establishes defendant's guilt, it was not prejudicial error for the prosecution to prove that an accomplice who testified as a witness had pleaded guilty to the same offense, there being no objection or exception by the defendant and the testimony being elicited after a factual recital by the witness which established his participation in the offense and his guilt. In *People* v. *O'Regan* (221 App. Div. 331) there was no factual recital by the accomplices (who had been previously convicted) which established their participation in the offense and their guilt. The questions designed to elicit their prior conviction of the same offense as was charged against the defendant O'Regan was the subject of objection and exception and on the whole case the defendant O'Regan's guilt was not deemed to have been established with such clearness as would warrant the court treating the error as not prejudicial. A prosecuting officer should not elicit whether or not an accomplice testifying as a witness has been convicted or has pleaded guilty to a charge based on an occurrence which is the subject of inquiry. He should confine the inquiry to the facts which show the participation of the accomplice in the occurrence and with whom he participated. Whether or not such an accomplice has been convicted or pleaded guilty should be left to the defendant to elicit. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH RASKIN, Alias EDWARD RUSKIN, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crimes of grand larceny in the first degree and conspiracy, unanimously affirmed. In view of the overwhelming evidence of the defendant's guilt, the alleged errors must be disregarded. (Code Crim. Proc. § 542.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCUS THUNA, Alias MAX MARCUS, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crimes of grand larceny in the first degree and conspiracy, unanimously affirmed. In view of the overwhelming evidence of the defendant's guilt, the alleged errors must be disregarded. (Code Crim. Proc. § 542.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLINTON TRUST COMPANY, as Receiver in an Action to Foreclose a Certain Trust Mortgage on Premises 142–144 Joralemon Street, Respondent, v. JAMES J. SEXTON and Others, Commissioners of Taxes and Assessments of the City of New York, Appellants. Taxes for Year 1933. [Clerk's Index No. 10,576, Year 1933.] [Reg. UU. Fol. 135.] Taxes for