THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER MATARESE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, convicting him of buying, receiving, concealing and withholding stolen property as a felony (Penal Law, § 1308) and from the sentence and all intermediate orders. Judgment unanimously affirmed. During the trial it was

assumed by court and counsel that the automobile which the appellant took from Brooklyn to Florida had a value of not less than $100 and had been stolen from one Vento, its owner. No request was made that the jury should determine the question of theft or value, and no exception was taken to the charge in such respects. Appellant cannot be heard now to complain of the failure to instruct specifically that the jury had to find that the automobile had been stolen before the appellant could be guilty of receiving or concealing it criminally. (Cf. *People* v. *Jackerson*, 247 N. Y. 36, 41.) The sentence imposed was single and permissible under sections 1308 and 2189 of the Penal Law for either receiving or concealing or withholding stolen property. We find no reason to disturb it. It is obvious that the jury found that appellant's possession was felonious and that he withheld and concealed the automobile from its owner. Such findings were justified by the evidence, including that furnished by appellant personally, from which the jury could conclude that the automobile was in appellant's possession within a few hours from the time it was taken from the place where it had been put by its owner; that appellant did not take it to his own home, but determined to take it to Florida for sale without registering it in New York in his name; that on the following day he left with his witness friend for Miami where he registered at a hotel for both as brothers under an assumed name, and that he then attempted to sell the automobile to a dealer who notified the Miami police. There is not such complete repugnancy in the finding of guilt on the count of the indictment charging receiving as well as that charging concealing and withholding, to justify reversal. "Each count in an indictment is regarded as if it was a separate indictment." (Cf. *Dunn* v. *United States,* 284 U. S. 390, 393, and *People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927.) No separate appeal lies from the sentence and the intermediate orders, which sentence and orders have been reviewed on the appeal from the judgment of conviction. Present — Adel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.