■ The PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUGH WILLIAM TAYLOR, JR., alias DAVID DAVES, Appellant.— Appeal from a judgment of the County Court, Rockland County, convicting appellant of criminally receiving stolen property as a misdemeanor. Judgment reversed on the law and the facts, and a new trial ordered. Under the circumstances in this case, it was prejudicial error to admit in evidence, over appellant's objection, the testimony of the person who stole the property to the effect that he had been indicted and had pleaded guilty to a misdemeanor under an indictment charging him with the larceny of certain property including that which appellant allegedly

received. (*People* v. *O'Regan*, 221 App. Div. 331; *People* v. *Louise*, 242 App. Div. 471; *People* v. *Edwards*, 282 N. Y. 413; see, also, *People* v. *Harbor*, 258 App. Div. 1082; *Kirby* v. *United States*, 174 U. S. 47.) In our opinion, the court's attempt to rectify the error could not effectively erase that testimony from the jurors' minds. Without such evidence, the proof does not establish beyond a reasonable doubt that the property had been stolen, or that appellant knew it was stolen property (see *People* v. *Walker*, 198 N. Y. 329; *People* v. *Jackerson*, 247 N. Y. 36). Moreover, this same witness testified that he had received no promise as to immunity or sentence in connection with his testimony against appellant. This testimony was elicited by the District Attorney shortly after he had stated to the court, in the absence of the jury, that he was giving immunity to the witness on certain felony counts still outstanding against him provided he did not withdraw his plea of guilty to a misdemeanor. The District Attorney further stated to the court that he had previously discussed the witness's proposed testimony with him and his attorney, and his plea of guilty to a misdemeanor would be deemed to cover anything he testified to in this trial. Under such circumstances, we think appellant was seriously prejudiced by the witness's testimony that he had received no promise from the District Attorney (*People* v. *Savvides*, 1 N Y 2d 554). Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., concurs, with the following memorandum: The witness Kerr, called by the People, was permitted to testify on direct examination that he had been convicted of larceny of "Lederle products". Kerr was alleged to have stolen from Lederle the property which appellant was accused of criminally receiving, and the jury must have understood from this testimony that it had been adjudged that he had stolen the property subsequently received by appellant. There was no proper objection to the reception of this evidence. Nevertheless, it was immaterial (Penal Law, § 1309), clearly incompetent as proof of the larceny (*People* v. *Jackerson*, 247 N. Y. 36, 40; *Kirby* v. *United States*, 174 U. S. 47) and, in view of the conflict of the evidence on that subject, was so prejudicial as to deprive appellant of a fair trial. It is true that the learned County Judge later directed the jurors to disregard the evidence as proof of appellant's guilt, and that they "must find from the other evidence, if any, whether Kerr stole the property if he did." The evidence remained in the case, however, as part of the People's proof, and it must be assumed that it was considered by the jurors for some purpose. It is difficult to determine how they could have considered it, except as proof of the larceny, or that they were not influenced by it, in finding that appellant's guilt had been established beyond a reasonable doubt. In my opinion, reversal is required in the interests of justice, notwithstanding that appellant failed to interpose a proper objection to the evidence. (Cf. *People* v. *Stetz*, 206 App. Div. 223.) Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: There was no objection by appellant to the testimony of the thief that he had been indicted and had pleaded guilty to petit larceny other than that prejudice would result, not to the appellant, but to the witness. The court instructed the jury, at appellant's request, that the plea of the thief had no relevancy to the charge against appellant of criminally receiving stolen property. The court later charged the jury to disregard the testimony that the thief had pleaded guilty to petit larceny and that it was for the jury to determine independently of that testimony whether the property received by appellant had been stolen. Moreover, the charge to which the thief had pleaded guilty took place on a date, and related to property, different from the date and property concerned in the charge on which appellant was tried. Under the circumstances, and in view of the fact that appellant's guilt is clearly established, the judgment of conviction should be affirmed (Code Crim Pro., § 542).