THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME ARTHUR LOWRY, Appellant.— Appeal (1) from a judgment of conviction rendered by the County Court, Kings County, on February 27, 1957 sentencing appellant, after he had been found guilty by a jury of robbery in the first degree, to serve from 15 to 30 years, as a second felony offender, and (2) from each and every intermediate order therein made. The sentence imposed was to be served concurrently with another sentence imposed by the same court on the same day. Judgment reversed on the law and the facts, and a new trial ordered. The appellant and a codefendant went to trial under an indictment. After the jury was selected and sworn, the Assistant District Attorney and appellant's counsel opened their cases. Then appellant moved for a separate trial, and the motion was denied. Neither appellant nor his codefendant testified at the trial. The codefendant produced no witnesses. Appellant produced witnesses to support his defense of an alibi. The basic issue against the appellant was one of identification. A detective testified as to conversations with the codefendant in which the codefendant placed himself at the scene and gave a rather ridiculous explanation for his presence in the home of other witnesses after the crime was committed. The codefendant did not admit committing the crime and blamed another man for the commission of the crime. He did not identify appellant. Counsel for the codefendant took practically no part in the trial. He did not open to the jury, and he waived summation. After the jury retired, the codefendant pleaded guilty to robbery in the third degree, unarmed, to cover this indictment and two other indictments. The other two indictments were to be dismissed after the codefendant was sentenced on this indictment. The jury was not informed of the codefendant's plea of guilty and found both appellant and his codefendant guilty as charged. The verdict recorded was one finding appellant guilty of robbery in the first degree. When a defendant does not make a motion for a separate trial prior to the time that the jury is impanelled and sworn, the fact may be taken into consideration by the Trial Judge in the exercise of his discretion in granting or denying the motion (see, e.g., People v. Marcus, 220 App. Div. 697, affd. 246 N. Y. 637;

*People* v. *Tilzer*, 221 App. Div. 3). But the failure to make the motion prior to the time that the case is called for trial is not necessarily fatal, particularly in a case such as this where appellant's counsel did not have a long period of time between the time that he was retained and the time that the case was called for trial and where appellant's counsel had to prepare for trial on another or other indictments against appellant. In some cases, the statements of a prosecutor when he opens his case may apprise a defendant that testimony will be adduced about which the defendant had no previous knowledge. It does not appear that appellant, prior to the trial, knew that the codefendant would not take an active part in the trial and would plead guilty after the jury retired. But, on this record, the Trial Judge did not err in denying the motion upon the facts before him when the motion was made. But "Prospection by the trial judge is not final. A retrospective view by an appellate court may reveal injustice or impairment of substantial rights unseen at the beginning" (*People* v. *Fisher*, 249 N. Y. 419, 427). On this record and these briefs, the inferences are clear that there was an agreement between the District Attorney's office and the codefendant that a plea of guilty to a lesser crime would be accepted after the jury retired and that the purpose in trying the appellant and his codefendant jointly was to prejudice the appellant by the admission of testimony by the detective as to conversations with the codefendant which would not have been admissible if appellant were the sole defendant on trial. In effect, the codefendant, although he did not testify, conceded to the jury that it could and should find him guilty (see, e. g., *People* v. *De Vita*, 2 A D 2d 691; *People* v. *Louise*, 242 App. Div. 471; *People* v. *Harbor*, 258 App. Div. 1082). It should have been apparent to the Assistant District Attorney at the outset of the trial that a joint trial would impair appellant's substantial rights and prevent a fair trial against him (see, e.g., *People* v. *La Ruffa*, 2 A D 2d 765). The trial court left the question of credibility of the interested witnesses (witnesses of appellant as to the alibi) and the disinterested witnesses to the jury, but it improperly stressed and emphasized the motives influencing the interested witnesses and the probabilities of the truth, as the testimony came from different sources. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel and Murphy, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm, with the following memorandum: While there may have been an agreement between the Assistant District Attorney and the codefendant to have the latter sit silently by at the trial and to withhold his plea of guilty to a lesser crime than that charged in the indictment until after the jury retired and while it may be that the Assistant District Attorney's purpose in doing so was to enable him to introduce at the joint trial the testimony of a detective as to conversations with the codefendant which would have been inadmissible had there been a separate trial of appellant, we are, nevertheless, of the opinion that under the circumstances herein appellant was not prejudiced thereby. The detective's testimony was entirely superfluous. The main question at the trial was that of identification. The testimony of the complainant on that issue was clear and convincing and solely for the jury. The exclusion of the detective's testimony would not have rendered the evidence too weak or too doubtful to justify a conviction. We are further of the opinion that the denial of a separate trial under the facts present did not violate appellant's rights. Firstly, it was not timely made. Secondly, the possible prejudice suffered by appellant by reason of the joint trial was removed when the trial court on numerous occasions during the trial and in his charge told the jury that the evidence against one defendant was not bind-

ing on the other and that the jury must decide the case as if there were two separate trials. Since the positive evidence of identification would have been sufficient to convict appellant had he been the sole defendant on trial, the alleged errors complained of are without merit.