THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAYMOND SCHWARZ, Appellant, et al., Defendant.

First Department, February 16, 1960.

*Nancy Carley* for appellant.

*Irving Anolik* of counsel (*Daniel V. Sullivan, District Attorney,* attorney), for respondent.

STEVENS, J. This is an appeal from a judgment of conviction after trial rendered by the County Court, Bronx County, sentencing defendant-appellant to three and one-half to seven years in State prison after he had been found guilty of criminally receiving and criminally concealing stolen property, as felonies.

This defendant, Wagner and one Vogel, not apprehended, were indicted, charged with the crimes of grand larceny in the first degree; criminally receiving stolen goods as a felony; criminally withholding stolen goods as a felony, and conspiracy.

Wagner was found guilty of the crime of grand larceny in the first degree, Schwarz was convicted of the crimes of criminally

receiving and criminally withholding stolen goods as felonies, with the disposition heretofore indicated. The conspiracy count was withdrawn after summation by defense counsel and before the case was submitted to the jury.

On June 3, 1958, at premises 1345 Seneca Avenue, The Bronx, there was a fake or sham robbery of the cash payroll of the John Langenbacker Co., Inc., in which the defendant Wagner, an employee and bookkeeper of the company, participated. It was charged that these defendants and one other, not apprehended, conceived the scheme, executed it and made off with a sum in excess of $9,000. Wagner was to receive a cut of $1,500 and it was while Schwarz was allegedly delivering this money for Wagner to a prearranged place or person, that Schwarz was apprehended.

Wagner had been taken into custody previously and, after questioning, revealed the entire plot, and implicated Schwarz and Vogel.

After the openings, but before the presentation of evidence, counsel for Schwarz moved for a severance and pointed out that counsel for Wagner had not inquired of the jury, had waived his opening and that there was some indication that there was to be no trial so far as Wagner was concerned. His motion was denied with an exception.

In the early stages of the trial, Wagner's counsel took no part and there was but limited participation by him thereafter. In summation, he endorsed the testimony produced, stating " [T]he testimony produced by the District Attorney was a hundred per cent correct." Wagner did not take the stand.

Included in the testimony produced was the confession of Wagner made in the absence of Schwarz, which the court charged was binding only on Wagner, and other statements allegedly made by Wagner to an officer that Schwarz " told me once before that he was a heist man ", that Schwarz opened up a glove compartment in a car in which they were then riding, and showed Wagner a gun. The officer testified Wagner told him that Wagner was afraid they would harm his wife and children and that was why in the beginning he would not tell what had occurred. The reference to the gun and to the feeling of Wagner was elicited on examination of a police officer by counsel for Wagner in his somewhat brief participation in the trial. Motions for a mistrial by counsel for Schwarz were denied.

In summation, the prosecution did not deny that Wagner wanted to plead guilty at the outset of the trial, as stated by counsel for Schwarz, but asserted that the only way he could have pleaded guilty " is by pleading guilty to all three counts

of this indictment '' and Wagner did not receive any money. Parenthetically, it should be noted that Wagner was not convicted of criminally receiving or withholding stolen money. Although the conspiracy count was withdrawn after summation by defense counsel, maximum benefit had been and was obtained by the prosecution through its utilization and in the posture of this case it is a circumstance which lends substance to the defendant Schwarz' complaint.

The minutes of sentence of Wagner indicate full co-operation by Wagner and '' the fact that you [Wagner] offered to plead guilty at the beginning of the trial and all through the trial.''

On this appeal, the defendant Schwarz asserts, *inter alia,* that his guilt was not proved beyond a reasonable doubt. There would be no merit to that argument if it were the sole basis of the appeal and certain factors to which we will advert were not present. More serious is his contention that he was deprived of a fair trial by the court's denial of his application for a severance under the circumstances and facts of this case, and because of the tactics of the prosecution.

A motion for a severance or a separate trial, is addressed principally to the discretion of the court (Code Crim. Pro., § 391) and its determination will not lightly be overruled. Nor will an appellate court substitute its discretion for that of the Trial Judge unless it feels there has been abuse of that discretion (*People* v. *Doran,* 246 N. Y. 409, 424). This was the rule at common law, and the Legislature has so provided by statute. Nor would the mere fact of the admission of a confession, standing alone, constitute such an abuse of discretion as to warrant reversal where the court under proper instructions, strove to limit its effect. (See *People* v. *Doran, supra; People* v. *Fisher,* 249 N. Y. 419.)

It may be that the trial court felt there was insufficient in the record to warrant granting a severance at the time the initial motion therefor was made. Counsel for Schwarz pointed out, however, and without contradiction, that the trial of Wagner would be a sham and the effect of his admissions would necessarily fall over on defendant Schwarz. A preliminary inquiry at that stage of the trial would not have been amiss.

The appellate court may be in a more fortunate position in that it can view the record retrospectively to determine if substantial rights of a defendant have been prejudiced by a refusal to grant a severance, or if there is doubt that the conviction might have been effected without the confession and incriminatory statements of a codefendant. (See *People* v. *Feolo,* 282 N. Y. 276; *People* v. *La Ruffa,* 2 A D 2d 765.)

While at common law persons tried upon the same charge were disqualified as witnesses, that disqualification has been removed by statute. A defendant may now be a witness for himself or for a codefendant (Code Crim. Pro., § 393-a) or, under certain conditions, he may be called and testify for the prosecution against a defendant jointly named in the indictment (see *People* v. *O'Regan,* 221 App. Div. 331). In the ordinary case a ruling directing a joint trial will not be disturbed. But when it is apparent that the practical effect of a confession and additional statements made by a *co-operative* defendant which are received in evidence on the trial is to jeopardize the rights of a codefendent to a fair trial, or to accuse such codefendant of the commission of other or additional crimes for which he has not been indicted and for which he is not on trial, the conviction thereby obtained cannot stand, and the ruling which, wittingly or unwittingly, permitted the situation will not be sanctioned by affirmance.

The language of our sister Department seems singularly appropriate here: " On this record and these briefs the inferences are clear that there was an agreement between the District Attorney's office and the codefendant * * * and that the purpose in trying the appellant and his codefendant jointly was to prejudice the appellant by the admission of testimony by the detective as to conversations with the codefendant which would not have been admissible if appellant were the sole defendant on trial. In effect, the codefendant, although he did not testify, conceded to the jury that it could and should find him guilty (see, e.g., *People* v. *De Vita,* 2 A D 2d 691; *People* v. *Louise,* 242 App. Div. 471; *People* v. *Harbor,* 258 App. Div. 1082)." (*People* v. *Lowry,* 8 A D 2d 956, 957 [2d Dept.].)

Another case more strikingly similar to the case before us was the recent (1957) case of *People* v. *Lombard* (4 A D 2d 666). Many of the questions with which we are concerned here were raised and discussed at length in that case. Unlike the present case, no motion for a severance was made in the *Lombard* case. But, even as in this case, there was a confession, admissions, a joint trial, admonitions on the limited applicability of a confession, and frequent references by the prosecution in summation to the confession and admissions of the codefendant in its attempt to buttress and finalize its case against Lombard. This court felt the frequent allusions vitiated the restrictions under which Gennaro's (the codefendant) confession and admissions were permitted to be received in evidence, and reversed and granted a new trial because of the improper summation of the prosecutor.

In the case before us the same vice in summation is again apparent.

We find here that a substantial right of the appellant has been affected and the power conferred by section 542 of the Code of Criminal Procedure is not to be exercised. The judgment appealed from should be reversed on the law and in the interests of justice, and a new trial ordered.

BREITEL, J. P., M. M. FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed upon the law and in the interests of justice, and a new trial ordered.