Burke, J. (dissenting).
The judgment appealed from should be reversed and a new trial ordered upon the ground that the trial court committed prejudicial error in refusing the request to charge the jury that, if it found as a fact that the witness Slowe was an accomplice, there must he independent evidence corroborating her testimony. It has long been the law in this State that accomplice testimony must he corroborated (Code Crim. Pro. § 399) and the cases applying the mandate of the statute in this court are numerous. In the present case, the trial court refused the request to charge upon the stated ground that ‘ ‘ there is no evidence of any kind or nature which will support a finding of this kind and for that reason [the court] will not so charge.” The court thus necessarily decided as a matter of law that the witness could not be found to he an accomplice. The witness’ own testimony, however, gave rise to the possibility that the jury could reasonably have found that she had aided and assisted the defendants in perpetrating the robbery by ‘1 fingering ” the intended victim; her testimony could also have permitted the jury to infer that she stood watch for the defendants while they accosted the victim and that her warning in fact enabled them to escape the scene temporarily. It is true that there was no direct evidence as to the witness’ participation in the planning or effectuation of the robbery, but it is also true that the internal inconsistencies in the witness’ testimony as to her being with the defendants at the times in question and as ¡to the reasons for her approaching the victim and accompanying him near the scene of the attack by the defendants raise a reasonable doubt as to her participation in the crimes of which the defendants stand convicted. Such a reasonable doubt is sufficient to preclude a finding, as a matter of law, that the witness was not an accomplice. “ When questions of fact arise whether a witness has done any of these things [counselled, induced or encouraged the crime] and different inferences can he drawn, it is the jury and not the court that must determine [the question] ”. (People v. Clougher, 246 N. Y. 106, 110-111 [emphasis added]; People v. Jackerson, 247 N. Y. 36; People v. Bunn, 243 N. Y. 381, 384). In this regard, it is important to distinguish between a finding that the evidence mandates the refusal of the requested instruction because the only evidence in the case indicates that the witness clearly is not an accomplice (see People v. *280 Swersky, 216 N. Y. 471, 478) and a finding in a case such as this where there is no clear evidence in either direction. In a case such as this, where the evidence could reasonably lead to conflicting inferences as to the witness ’ status as an accomplice or an innocent eyewitness, it is clear error to decide the issue as a matter of law.
Moreover, the prejudice resulting from such refusal to charge is clear since the witness’ testimony was the only evidence linking this appellant to the crime, both the victim and the police officers being unable to identify him as one of the perpetrators. Accordingly, the refusal to charge as requested was prejudicial error and warrants a reversal of the judgment of conviction and the grant of a new trial. '
Chief Judge Fuld andJudges Bergan, Breitel, Jasen and Gibson concur with Judge Scileppi; Judge Burke dissents and votes to reverse in a separate opinion.
Judgment affirmed.