■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORTUNATO PATURSO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 8, 1977, unanimously affirmed. Concur—Burns, J. P., Fein and Lane, JJ.

Lynch and Sandler, JJ., concur in a memorandum by Sandler, J., as follows: Following the People's case, a codefendant was permitted to enter a plea to grand larceny in the second degree, a significantly lower charge than that previously made available to her, and one that permitted discretion to the sentencing Judge to place her on probation. In colloquies with the court and counsel, the trial prosecutor made quite clear the strategy that he was pursuing. He wished to keep the codefendant in the case until the completion of the People's evidence so that the jury would hear her confession. That statement, although redacted, gave background information with regard to the planning of the robbery that the District Attorney felt would be helpful to his case. The vice in this strategy is that the jury at no time could properly consider the statement with regard to the codefendant and that it became the duty of the Trial Judge, after the entry of the plea, to strike the statement from the record and instruct the jury to disregard it. The District Attorney's assumption that he might derive some appropriate advantage from the jury hearing evidence that it was obligated not to consider is a troublesome one. The Trial Judge made clear his disapproval. He would have been better advised to grant defendant's motion to sever. However, reversal does not seem to us to be mandated. The evidence adduced at trial was truly overwhelming and it seems extremely unlikely that the redacted statement could have had any prejudicial impact or that it deprived the defendant of a fair trial. Unlike *People v Lowry* (8 AD2d 956) and *People v Schwarz* (10 AD2d 17), the record does not support the charge of a deal between the prosecutor and the counsel for the codefendant. Counsel for the codefendant here took an active role during the trial and until the plea was entered. His participation cannot fairly be described as sham. Nonetheless, we think it important to make clear our disapproval of that which here occurred.