## Court of Appeals.

Oct. 4, 1898.

## PEOPLE v. FRANK H. WILMARTH.

1. JUROR—QUALIFICATION.

> The existence, on the part of a person called as a juror, of an opinion as to the guilt or innocence of a person charged with a crime constitutes *prima facie* a disqualification.

2. SAME.

> But it does not conclusively establish disqualification, for the statute steps in and provides that the existence of such an opinion or impression "is not a sufficient ground of challenge for actual bias, to any person otherwise legally qualified, if he declare on oath that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict, according to the evidence, and the court is satisfied that he does not entertain such a present opinion or impression as would influence his verdict."

3. SAME.

> After a juror makes the declaration provided for by the statute, then it is for the trial court to determine whether the juror does not entertain such a present opinion or impression as will influence his verdict; and the decision made in such a case is necessarily one of fact, not reviewable in this court.

4. SAME.

> But, if he fails to make such a declaration, then the disqualification *prima facie* established by his answers is not overborne, and a decision by the trial court that the juror does not entertain such a present opinion or impression as will influence his verdict is without evidence to support it.

APPEAL from an order and judgment of the appellate division, reversing the judgment of conviction.

Henry V. Borst, for the People.

Robert P. Anibal, for respondent.

PARKER, C. J.—During the impaneling of the jury, one Hollenbeck was called as a juror, and examined as to his qualifications. He testified among other things, that he had read what purported to be the testimony in regard to this matter

taken before the committing magistrate; that in reading it he had formed an opinion in regard to the guilt or innocence of the defendant Wilmarth; that such opinion was decided and fixed, and evidence would be required to remove it. " Q. And considerable too? A. Considerable. Q. You think that you are as unbiased and unprejudiced to sit in this case as you would have been if you hadn't read that in the paper? A. I do not. Q. Do you feel that you are yourself as competent to go in there and try this case as' if you had not read and formed an opinion? A. No; I do not think I would be; not quite. I don't think I would be a fair and unprejudiced man to try the case against Mr. Wilmarth the way I feel now." Further answers were made by the juror to questions put by counsel bearing upon the existence of a present opinion by him touching the guilt or innocence of the defendant, which, while tending to show that Hollenbeck was a fair-minded man, nevertheless confirmed the accuracy of the statements bearing upon his qualifications as a juror, which we have quoted.

The existence on the part of a person called as a juror of an opinion as to the guilt or innocence of a person charged with a crime constitutes prima facie a disqualification. People v. McQuade, 110 N. Y. 284, 18 N. E. 156. But it does not conclusively establish disqualification, for the statute steps in and provides that the existence of such an opinion or impression " is not a sufficient ground of challenge for actual bias, to any person otherwise legally qualified, if he declare on oath that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict according to the evidence, and the court is satisfied that he does not entertain such a present opinion or impression as would influence his verdict." Code Cr. Proc. § 376. After a juror makes the declaration provided for by the statute, then it is for the trial court to determine whether the juror does entertain such a present opinion or impression as will influence his verdict; and the decision made in such a case is necessarily one of fact, not reviewable in this court. But, if he fails to make such a declaration, then the disqualification prima facie established by his answers is not overborne, and a decision by the trial court

that the juror does not entertain such a present opinion or impression as will influence his verdict is without evidence to support it.

We will now turn to the record for the purpose of ascertaining whether Hollenbeck made such a declaration as the statute calls for; for if he did, the determination of the trial court that he was a properly qualified juror has evidence to support it, and it may not be reviewed in this court; but, if he did not, then the court erred, as a matter of law, in overruling the challenge interposed by the defendant. A question was asked by the district attorney which presents the appearance of having been intended as a compliance with the statute. It reads : " Q. In spite of any prejudice or any opinion you might have, you would go into the box and decide the case upon the evidence that was given here, under the law as laid down by the court, would you not ? A. I would." It will be observed that the question did not call for the belief of the juror, nor did it direct his mind to the inquiry which the statute demands, whether, in his opinion, he believed that such an opinion, or impression would not influence his verdict. The statute calls for the belief of the witness upon two subjects : First, whether the opinion or impression which the juror has will influence his verdict; and, second, whether he can render an impartial verdict according to the evidence. The question put omitted entirely to inquire of him whether he believed that the opinion or impression he had would not influence his verdict. The statute not only requires such inquiry, but it is a most important feature of its provisions. It directs the attention of the witness to the fact that he is expected to make a careful analysis of his opinions or impressions, and then to declare on oath his belief as to whether they will influence his verdict. This was entirely omitted, as we have seen. The question did not even attempt to cover anything except the succeeding provision of the section, which is that the juror believes he can render an impartial verdict according to the evidence. And as to that provision the belief of the witness was not asked, nor was an equivalent expression employed, as in People v. Martell, 138 N. Y. 595, 33 N. E. 838. Instead, the witness was asked whether he

" would decide he case upon the evidence." The question suggested to him his duty, and, as an upright man, he readily promised to do it. But such a promise is not in compliance with either the letter or the spirit of the statute, which seeks— First, to direct the mind of the juror to a careful introspection, to the end that he may be able advisedly to declare on oath his belief whether the opinions or impressions which he has will influence his verdict; and, second, whether he can render an impartial verdict according to the evidence. This statute is the outcome of many years of experience of lawyers and judges in the trial of criminal cases, and it should not be frittered away by a recognition on the part of the courts of loose or ill-considered substitutes as equivalents. In overruling the challenge, therefore, the court erred to the prejudice of defendant, who, having exhausted his peremptory challenges, was compelled to allow Hollenbeck to sit as a juror. It is claimed that other errors were made upon the trial, but, as the error we have considered calls for an affirmance of the decision of the appellate division reversing the judgment, we have deemed it best not to take up the other questions.

Judgment should be affirmed.

All concur.

Judgment affirmed.