### PEOPLE v. MILLER.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. JURY—COMPETENCY OF JUROR—ACTUAL BIAS—OPINION FORMED.

A juror who has, from reading city newspapers and from hearing discussions of the case, formed an opinion as to the guilt of the accused, which it would take strong evidence to remove, is prima facie disqualified, and should be excluded, unless he is able, under the provisions

¶ 1. See Jury, vol. 31, Cent. Dig. §§ 475, 477, 478.

of Code Cr. Proc. § 376, to state under oath his belief that such opinion or impression would not influence his verdict, and the court is satisfied of that fact.

2. SAME—ACTUAL BIAS—QUALIFICATION.

A juror stated that he thought he could render an impartial verdict on the evidence, notwithstanding his previously formed opinion, but no inquiry was made and he said nothing as to whether he believed such opinion would influence his verdict. *Held*, that his disqualification was not removed under the provisions of Code Cr. Proc. § 376, providing that such a juror shall be disqualified unless he declare on oath that such opinion would not influence his verdict.

3. SAME—DISQUALIFICATION OF JUROR—REVERSIBLE ERROR.

The failure to set aside a juror whose disqualification on account of a previously formed opinion was not removed under Code Cr. Proc. § 376, providing that he must state under oath his belief that such opinion would not influence his verdict, is reversible error.

4. HOUSE OF PROSTITUTION—INFORMATION—SUFFICIENCY—STATEMENT OF FACTS.

An information charging defendant with violation of Pen. Code, § 322, in that she did unlawfully keep a disorderly house, stated as the grounds of deponent's knowledge "of the said violation" that he and another entered "the place" of said defendant; that the door was opened by the proprietor herself; that two girls came to the room where deponent and his companion sat, and asked them to go upstairs with them to their rooms for the purpose of unlawful sexual intercourse; but did not state that defendant had any control of said rooms, or that defendant knew of their conduct. *Held*, the information was not sufficient, under Code Cr. Proc. §§ 148, 149, providing that when an information is laid before a magistrate he must take the depositions of the witnesses, which must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant.

5. REVERSAL OF CONVICTION—JURISDICTION OF MAGISTRATE—DISCHARGE OF DEFENDANT.

Although at the time defendant was arraigned a specific objection was made to a defective information, under which the magistrate acquired no jurisdiction to try her, defendant was put on trial and convicted. *Held*, that not only must the conviction be reversed, but the defendant must be discharged.

Appeal from Chemung County Court.

Mate Miller was convicted of crime, and appeals from an order affirming the judgment of conviction. Reversed, and defendant discharged.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

H. D. Wilcox, for appellant.

Franklin F. Aldridge, Dist. Atty., for the People.

PARKER, P. J. It is impossible to read the record in this case and not reach the conclusion that the defendant has been convicted by a jury that was not selected in accordance with the rules of law.

Mr. Crowell, who sat as a juror, had, from reading the city newspapers and from discussions which he had heard, formed an opinion concerning the guilt or innocence of the prisoner, which it would take strong evidence to remove. This fact prima facie disqualified him from sitting as a juror, and he should have been excluded under the defendant's challenge for bias, unless he was able, under the provisions of section 376 of the Code of Criminal Procedure, to state

under oath · that he believed that such opinion or impression would not influence his verdict, and that he could render an impartial verdict according to the evidence. If he should so testify, and the trial court should be satisfied from such testimony that he did not entertain such a present opinion as would influence his verdict, then the existence of his opinion so formed would not be sufficient to disqualify him. See McQuade Case, 110 N. Y. 300, 18 N. E. 156, 1 L. R. A. 273.

The trial court inquired of Crowell as to whether he believed that he could, notwithstanding his opinion, render an impartial verdict on the evidence, and he answered that he thought he could; but no inquiry was made, and he said nothing, as to whether he believed such opinion would influence his verdict. In People v. Wilmarth, 156 N. Y. 566, 569, 51 N. E. 277, it was expressly held that, although the juror makes the statement which Crowell made as above stated, yet, if he neglects to state his belief as to whether his verdict would be influenced by his opinion, his disqualification as a juror is not removed, and that it is error to allow him to sit; and in that case the fact that such a disqualified juror sat was held· sufficient ground for the reversal of a judgment of conviction. The same thing is again held in People v. Flaherty, 162 N. Y. 532, 535, 57 N. E. 73.

In addition to the above, Doxey, Keefe, and Allington were summoned as jurors, and upon being examined as to their qualifications it appeared that each had formed an opinion that it would take evidence to remove. The same attempt was made to remove their prima facie disqualification as was made in the case of Crowell, and the same omission to inquire as to his belief whether such opinion would or would not influence his verdict occurs. Each of these jurors were thereupon challenged by the defendant for bias, and the challenge was overruled. The defendant thereupon challenged each of them peremptorily. Most of the jurors who sat in the case were chosen after the defendant's peremptory challenges had been thus exhausted, and hence the overruling of such challenges was also error. Within the authorities above cited, the foregoing errors are sufficient to require a reversal of this judgment.

There is another error claimed by the defendant, which is more serious in its results. Upon being arraigned for trial the defendant moved to be discharged on the ground that the information was not sufficient, within the provisions of sections 148 and 149 of the Code of Criminal Procedure. The information is sworn to by one Chipp, and charges, in general phrase, that the defendant, in the city of Elmira, has violated section 322 of the Penal Code, in that she did unlawfully keep and maintain a disorderly and common bawdy house and house of prostitution. So far the information designates the crime complained of, but it does not state any facts tending to establish the commission of that crime. It then proceeds to state the grounds of deponent's knowledge "of the said violation" as follows: That he, in company with another, on May 27, 1901, about 10:45, whether day or night does not appear, entered "the place" of said defendant. What kind of a "place" it was is not stated. Whether it was a beer saloon or a grocery store or a hotel does not appear.

He then proceeds to state that the door was opened by the proprietor herself, and it would seem that they entered the "place," and were seated in some room thereof. It is then further stated that "two girls came to the room where we sat, and asked us to go upstairs with them to their rooms for the purpose of unlawful sexual intercourse. The girls acted in a lewd manner." And this ends the statement of facts contained in that information. Do such facts tend to establish the commission of the crime above charged against the defendant. If they were connected with another fact, viz., that the defendant knew the girls were present in the room, acting and making the request above stated, and made no objection thereto, I would be inclined to hold that the information was sufficient. But in the absence of any charge or suggestion that the defendant knew anything about their conduct, or was in any way responsible for it, there was no fact apparent indicating that the "place" which the defendant was then keeping was in any manner in violation of section 322 of the Penal Code.

It must be noticed that there is no charge that the girls in fact had any rooms upstairs, or that they were members of her family or inmates of her house. At most, they claimed to have rooms upstairs. Nor is it stated that the defendant had any occupancy or control of the second story of that "place," or that the girls came in from any other part of her house, or that she (defendant) was in the room while they were there, or whether it was minutes or hours before they came in. Thus, there is nothing to connect the girls with the defendant or the defendant's place. To illustrate, suppose the place had been a restaurant or saloon on the ground floor, rented and occupied by the defendant for that purpose; suppose the complainant had been ushered in by the defendant, had ordered some refreshments, and sat down at a table, and the defendant had gone out to prepare them; that the two girls had come in from the street, and sat down by complainant and made the proposition sworn to by him; suppose they had no rooms upstairs, or suppose they had rooms there, rented from another party, and over which the defendant had no control. From such facts no suspicion would arise that the defendant was keeping her "place" in violation of section 322, and yet every such fact would be in entire harmony with those stated in the information.

It seems clear that, conceding every fact stated in the information to be true, yet alone by themselves they do not tend to establish that any crime had been committed by the defendant. Every fact therein stated is consistent with her entire innocence of the charge, and therefore the magistrate was without authority to cause her arrest.

It is to be regretted that this conclusion must be reached, for it results in the defendant's discharge. The specific objection was taken when the defendant was arraigned, and instead of being then put upon trial she should then have been discharged. The magistrate had not then acquired any jurisdiction to try her, and he never can acquire it upon such an information. Hence not only must the conviction be reversed, but the defendant must be discharged.

The conviction and order of the County Court must be reversed, and the defendant discharged.

Judgment of conviction of Recorder's Court, and order of County Court confirming same, reversed, and the appellant discharged. All concur, except SMITH, J., who votes for reversal and a new trial.