JOHN G. CARLISLE, Respondent, v. REON BARNES, Appellant.

APPEAL — APPLICATION FOR LEAVE TO . APPEAL TO THE COURT OF
APPEALS — CODE CIV. PRO. § 191. Where an application for leave to
appeal to the Court of Appeals was made to the chief judge, who denied
the same, and a subsequent application was made to another judge of the
court and the appeal allowed, the order granting such application must
be set aside, since the statute (Code Civ. Pro. § 191) does not contemplate
or authorize a repetition of such an application after its denial by one
judge of the court to the other judges of the court in succession until the
list of judges has been exhausted.

Reported below, 102 App. Div. 573.

(Argued November 20, 1905; decided December 12, 1905.)

MOTION to set aside an order granted by a judge of the
Court of Appeals allowing an appeal to this court from a
judgment of the Appellate Division of the Supreme Court in
the first judicial. department, entered April 7, 1905, unani-
mously affirming a judgment in favor of plaintiff entered
upon a verdict and an order denying a motion for a new trial.

*Austen G. Fox, William Edmond Curtis* and *Henry M.
Ward* for motion. The order granted allowing an appeal
herein should be vacated under section 776 of the Code of
Civil Procedure. (*Talcott* v. *Burnstine*, 13 N. Y. S. R.,
552; *Hallgarten* v. *Eckert*, 1 Hun, 117; *Good* v. *Daland*, 28
N. Y. S. R. 935.) Section 191 of the Code authorizes only
one application to a judge of this court for the allowance of
an appeal. That application having been considered and
denied, no further application can be made to any other judge.
(Code Civ. Pro. §§ 767–779.)

*Charles F. Brown* and *F. H. Van Vechten* opposed. The
order allowing the appeal is not reviewable. (*Hannon* v.
*Siegel-Cooper Co.*, 164 N. Y. 566.) The jurisdiction of a
judge of the Court of Appeals to allow an appeal is not
dependent upon the giving of any notice to the respondent.
(*Hannon* v. *Siegel-Cooper Co.*, 164 N. Y. 566.) The failure
to give notice of the application for leave to appeal is not

jurisdictional. (*Good* v. *Daland*, 119 N. Y. 153 ; Code Civ.
Pro. §§ 772, 1310.) Power conferred upon a judge of the
Court of Appeals to allow an appeal is not limited by the
provisions in section 776 of the Code. (*Riggs* v. *Purcell*,
74 N. Y. 370 ; *Easton* v. *Pickersgill*, 75 N. Y. 599.) The
court is without power to grant the motion. (*Croveno* v. *A.
A. P. R. Co.*, 150 N. Y. 225.)

*Per Curiam.* In the first instance an application for leave
to appeal to this court was made to the chief judge, who
denied the same. Thereafter the appellant applied to that
judge for leave to renew the application to another judge of
the court. This was granted on condition that the appellant
give notice to the respondent of such application and that he
be accorded a hearing thereon. Subsequently an application
was made *ex parte* to a judge of the court and the appeal
allowed. This motion is to set aside the order granting such
allowance.

We are of opinion that section 191 of the Code of Civil Pro-
cedure does not contemplate nor authorize a repetition of such
an application, after its denial by one judge of the court, to the
other judges of the court in succession until the list of judges
has been exhausted. An appellant may, in the first instance,
select any judge to whom to make the application, but, having
made his election, he is concluded by the decision made by
the judge to whom the application is made, at least, in the
absence of leave given by that judge to renew the motion
before another judge. It may be that section 776 of the Code,
requiring that a subsequent application in reference to the
same matter be made only to the same judge who heard the
original application, or to the court, is not applicable to this
case, for until the appeal is allowed the case is not in this
court. Nevertheless, the provisions of the section, as well
as those of section 529 of the Code of Criminal Procedure,
clearly indicate the legislative policy that the disposition of
applications made to the discretion of one judge and denied,
should not thereafter be the subject of review by another

judge. A contrary rule as to allowance of appeals would create confusion in practice and would impose great and unnecessary labor on the members of the court. The rights of an unsuccessful appellant are sufficiently protected by the double privilege given him, *first*, an application to the Appellate Division, and, *second*, a renewal of that application to one of the judges of this court. If the permission accorded by the judge who, in the first instance, passed on the application for leave to appeal in this case could authorize a renewal of the application before another judge (which may well be doubted), the conditions on which that permission was given were not complied with and, hence, the order allowing the appeal was irregular and should be set aside. These views in no way conflict with our decision in *Hannon* v. *Siegel-Cooper Co.* (164 N. Y. 566). There we held that an allowance of an appeal to this court, regularly granted by a judge thereof, was not reviewable by the court. In the case before us the appeal was not regularly allowed, and that is the ground of the present motion.

The motion to set aside order allowing appeal should be granted.

Cullen, Ch. J., Gray, Bartlett, Haight, Vann and Werner, JJ., concur; O'Brien, J., not voting.

Motion granted.