PEOPLE ex rel. JONES v. LANGAN, Lieutenant of Police.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

GAMING (§ 87*)—"BOOK-MAKING"—INFORMATION—SUFFICIENCY—"BETTING."

Under Code Cr. Proc. § 742, requiring the information to contain a brief description of a statutory crime, an information charging defendant with engaging in book-making, and stating that he did on a race track quote and lay odds, by publishing the terms on which he was willing to bet against the horses on the result of races, etc., but failing to allege the writing or recording of anything, was insufficient to charge a violation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Pen. Code, § 351, making it a misdemeanor to engage.in book-making, since there can be no book-making without writing or recording; the word in "betting," as used in the Penal Code, implying the use of a book, or sheets of paper, or a bulletin board, or some such thing.

[Ed. Note.—For other cases, see Gaming, Dec. Dig. § 87.*

For other definitions, see Words and Phrases, vol. 1, pp. 762–765; vol. 8, pp. 7589–7590; vol. 1, p. 842.]

Appeal from Special Term, Kings County.

Habeas' corpus by the People, on the relation of Orlando Jones, against Joseph Langan, a Lieutenant of Police, for the discharge of relator, arrested under a warrant of the Court of Special Sessions of the City of New York, issued on an information filed under Code Cr. Proc. § 742. From an order sustaining the writ, and discharging relator, respondent appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Robert H. Elder, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for appellant.

Joseph S. Auerbach (Charles H. Tuttle, on the brief), for respondent.

GAYNOR, J. Any person who engages in "book-making" is guilty of a misdemeanor. Pen. Code, § 351. The information and the warrant against the relator accuse him of the crime of "engaging in book-making." The information has to state facts which constitute book-making. Code Cr. Proc. § 742; People v. Corbalis, 178 N. Y. 516, 71 N. E. 106; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267; People v. Miller, 81 App. Div. 255, 80 N. Y. Supp. 1070. It does not do so. It states that the relator did on a race track "quote and lay odds" to many persons, specifying the said odds, "that is to say, did state and publish to said persons the terms on which" he was willing to bet with the said persons against the horses on the result of races then and there to be run by such horses, and did bet $500 to $200 with a person named that a certain horse would lose. There is no allegation of the writing or recording of anything. The learned counsel for the people admits there was no writing or recording, and argues that book-making means only the making up by one of a plan or system, called a "book," of odds to be followed by him in betting with all comers, and which, though it may be written or recorded, does not need to be, but may be made up and carried in his head, and communicated or published by him orally. This is not so. There can be no book-making without writing or recording. The word in betting, and as used in the Penal Code, implies the use of a book, or sheets of paper, or a bulletin board, or some such thing. This is the genesis of the word. It is not necessary to enter upon a precise definition, no facts of writing or recording being alleged.

The order should be affirmed.

Order affirmed, without costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes