THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY A. LEVINE, Defendant.

Court of General Sessions of County of New York, December 11, 1936.

*William Copeland Dodge, District Attorney [Lyon Boston, Assistant District Attorney,* of counsel], for the plaintiff.

*I. Gainsburg,* for the defendant.

FRESCHI, J. Defendant moves for an order granting him leave to inspect the minutes of the grand jury which heard the evidence against him, and which grand jury filed a direction with the Court of General Sessions of the County of New York, directing the district attorney of New York county to file an information against the defendant and to prosecute this action in the Court of Special Sessions of the City of New York, New York County.

The approval and ordered direction to be complied with was made by this court on October 14, 1936, and the information accordingly was filed against the above-named defendant in the latter court; and after issue was joined therein on October 19, 1936, and the defendant released on bail, the trial of the cause was set for December 10, 1936, at the Extraordinary Term of the Court of Special Sessions.

The motion papers herein were served on the district attorney on December 3, 1936, and this application was heard pursuant to the notice returnable on December 9, 1936. The motion was returnable before COLLINS, J., in Part I of this court, and by him referred to this court for hearing and decision, the order of transfer having been made by the undersigned.

The charge against the defendant accuses him of a misdemeanor in that he violated section 270 of the Penal Law of the State of York. Specifically, the information charges that the defendant, on or before January 30, 1935, and for a time prior thereto, procured, aided and abetted one Frank Jones, who was not a lawyer, to unlawfully make it a business to solicit employment for the defendant, who was a lawyer. The defendant is a duly admitted attorney and counselor at law authorized to practice in the State of New York.

The practice and procedure here invoked is novel. The motion is made for the procuring of the minutes of the grand jury in order that he may make a motion, if he prevails now, to dismiss the information now pending in another court for lack of evidence to support it, or where the defendant's constitutional rights have been invaded. (*Matter of Montgomery*, 126 App. Div. 72; *People* v. *Glen*, 173 N. Y. 395, at p. 400.)

All motions for inspection of the grand jury minutes in cases of this sort must be made in the Court of General Sessions, since the grand jurors before whom the evidence was presented against the defendant were sworn and impaneled in this court. The transference and removal of the case and the consequent filing of the information against the defendant confers no jurisdiction on the Court of Special Sessions to grant an inspection of the grand jury minutes (See Code Crim. Proc. § 952-t; *People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392); nor does it deprive this court of such jurisdiction in the premises. The grand jury minutes remain under the control of the Court of General Sessions. (See, also, *Matter of Dodge* v. *Supreme Court of State of N. Y.*, 249 App. Div. 103.) Although the district attorney has conceded on the argument the jurisdiction of this court to hear and determine this motion, it must be remembered that this case should not be treated in any sense as a precedent indicating in which tribunal the motion must be made to set aside an information under section 313 of the Code of Criminal Procedure. This court, however, surely has the authority to permit an inspection of the minutes of the grand jury in any case transferred by it to determine whether the order of transference was justified by the evidence adduced before the grand jury.

Upon the argument of this motion the defendant urged that the testimony of accomplices of the defendant taken before the grand jury was without corroboration. By mutual consent it was understood that in determining this motion the court should have before it a full transcript of the entire testimony submitted to the grand jury upon which the charge against the defendant is predicated, and that if the evidence so submitted was insufficient this motion should be granted notwithstanding any laches for which the defendant might be held responsible in the making of this application. While laches may be waived, motions for inspection of grand jury minutes should not be encouraged when made on the eve of the trial.

Without passing upon the constitutionality of section 742 of the Code of Criminal Procedure, which question the defendant reserves the right to raise before the trial court, the examination of the evidence before the grand jury establishes conclusively a *prima*

*facie* case. It appears that testimony of an accomplice was adduced which is clearly corroborated by other evidence tending to connect the defendant with the commission of the crime, as required by section 399 of the Code of Criminal Procedure. (See *People* v. *Acritelli*, 57 Misc. 573, at p. 583.) The testimony before the grand jury, as a matter of law, warrants a prosecution for the alleged misdemeanor and sufficiently supports the order transferring the case to the Court of Special Sessions as the place of trial of this action.

Motion denied for the reasons above assigned.