THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARCHIE BERKEY, Defendant.

County Court, Kings County, January 26, 1939.

*William F. X. Geoghan, District Attorney [George Palmer, Assistant District Attorney*, of counsel], for the plaintiff.

*Hyman E. Kamen,* for the defendant.

FITZGERALD, J. It is stated in the moving affidavit that by direction of a grand jury, approved by the court, the district attorney has filed an information in the Court of Special Sessions against defendant.

The purpose of the inspection is stated to be to enable defendant to make a motion to dismiss the information because the testimony before the grand jury is insufficient to sustain the information.

No such procedure is known to the law. (*People* v. *May*, 158 Misc. 488.)

Section 742 of the Code of Criminal Procedure states what an information must recite.

If the facts alleged do not set forth a crime, the information should be dismissed. (*People* v. *Zambouris*, 251 N. Y. 94, 97; *People ex rel. Jones* v. *Langan*, 132 App. Div. 393.)

So, also, if there is a variance between the information and proof (*People* v. *McCarthy*, 250 N. Y. 358), although certain variances may be waived. (*People* v. *Jackerson*, 247 N. Y. 36.)

This is not a motion to inspect for the purpose of having the order directing the district attorney to proceed by information vacated.

Such motions present a different question.

The court does not agree with the conclusion reached in *People* v. *Levine* (161 Misc. 336). There the district attorney conceded the court's authority; here it is challenged.

*People* v. *Tumen* (161 Misc. 645) does not apply.

Motion denied.