THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM
CUMMINGS, Defendant.

County Court, Queens County, July 16, 1941.

*Charles P. Sullivan, District Attorney,* for the plaintiff.

*Richard J. Barry,* for the defendant.

DOWNS, J.  This is a motion which is very novel in all its aspects.
The motion prays for an order either to inspect the minutes of the
grand jury herein given before that body on February 11, 1941,
which resulted in the grand jury's recommending to this court that
an order be made authorizing the district attorney of this county
to file an information in the Court of Special Sessions, Queens
County, and transferring the issues in this proceeding to that court;
and the moving papers and affidavits also pray that if it is a better
procedure, to vacate and set aside and withdraw the order trans-
ferring this case under the aforesaid circumstances to the Court of
Special Sessions to be held in Queens county, and also prays for
such other and further relief as the court may see proper.

In its present aspect the defendant is now held for trial before
the Court of Special Sessions, Queens County, for impairing the
morals of a six-year old girl.  A plea of not guilty has been entered
in that court, and the case is pending therein.  This case had
originally been held in the action by the grand jury by a magistrate

in the Felony Court of Queens County. Subsequently thereto, this court filed an order approving and directing the filing of an information by the district attorney of this county and prosecuting the case in the Court of Special Sessions. From the facts heretofore given, it was obvious there was not sufficient legal evidence before the grand jury to justify it in presenting an indictment before this court. Examination of the minutes of the grand jury indicates that the complainant herein was a young female, six years of age, whose statement was taken unsworn. The only other evidence in an effort to justify the requirements of the law under section 2013 of the Penal Law that no conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence, was given by the young girl's mother who testified that her daughter told her what had taken place between her and the defendant. The testimony of the arresting officer is to the effect that the defendant denied all knowledge and denied the commission of any of the acts for which he stood charged.

The question now presented to this court is whether or not the constitutional rights of this defendant have been invaded by his being held for the Court of Special Sessions upon the direction of a grand jury before whom insufficient legal evidence was presented to justify that body in finding an indictment. Section 392 of the Code of Criminal Procedure provides as follows: " The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this Code. Whenever in any criminal proceedings a child actually or apparently under the age of twelve years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may be received though not given under oath if in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence. But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence." I am particularly impressed by the last sentence of this section, which I repeat: " But no person shall be *held* or convicted of an offense upon such testimony unsupported by other evidence." (Italics supplied.)

It is fundamental and seems unnecessary to argue that this court has control of the minutes of the grand jury which was sworn in by a judge of this court, and, therefore, all motions and matters appertaining to those grand jury minutes should be made before this court. This proposition seems to be definitely established by the case of *People ex rel. Hirschberg* v. *Supreme Court* (269 N. Y. 392). Since this court has absolute control over the conditions under which the minutes of the grand jury may be inspected, which

is only by an order of this court or another court of proper jurisdiction, this motion is properly presented here. If there was not sufficient legal evidence before the grand jury for them to exercise any rights in this matter, naturally the constitutional rights of the defendant have been invaded. If there was no proper evidence of any kind before this grand jury upon which they were authorized to act either by the finding of an indictment or by recommending a presentment be made at the Court of Special Sessions, it was without any authority in these premises whatsoever. If there was no legal evidence before the grand jury upon which it had a right to act, any act thereafter, or any act in connection therewith, would possess no legal life. Therefore, a recommendation by a grand jury founded upon the non-existence of legal evidence, whereby this court acted without at the time having before it the minutes of the grand jury, naturally this court has a right to correct and to set aside, or to limit, or to vacate any order which is the outgrowth of any action which has not the foundation of legality from the very start. I am mindful of the fact that an inspection of the grand jury minutes is customarily and usually permitted only for the purpose of determining whether or not the indictment is founded upon legal evidence, but since this court has jurisdiction over the action of its grand jury, I believe this court also has jurisdiction to set aside, or limit, or vacate any action which is predicated upon the minutes of that grand jury. Therefore, if the action of the grand jury was based upon evidence which was not of sufficient legal quality to justify any action, any subsequent action of this court based upon the recommendation of that grand jury would still be groundless, and also if by any or all of these acts the constitutional rights of this defendant have been invaded, this court has a right to remedy the wrong. The only question which now remains is as to the proper and most sensible procedure to follow.

I have read all of the cases that have been cited in the moving papers, as well as the memorandum submitted in opposition, namely, the cases of *People* v. *Levine* (161 Misc. 336) and *People* v. *Tumen* (Id. 645), which indicate this court definitely has jurisdiction to act. I have also read the cases referred to, *People* v. *Berkey* (169 Misc. 905) and *People* v. *May* (158 id. 488), and also the cases cited in the above citations. I have also read a great many of the decisions wherein the rights of a defendant have been involved by the testimony of infants under twelve years of age.

It is, therefore, my opinion that the rights of the defendant have been invaded, and the minutes of the grand jury upon which this court acted clearly indicate that this court should not have made

the order whereby this information was directed to be presented to the Court of Special Sessions. This court further orders that the order of this court dated February 13, 1941, be vacated and set aside, and also orders the disapproval of the grand jury direction which was the basis for such order. The motion, therefore, to this extent is granted as indicated.

Submit order on notice of district attorney.