■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY FRIED, Appellant.— Judgment rendered April 17, 1962, convicting defendant of violating section 1141 of the Penal Law (obscene prints and articles), unanimously modified, on the law and on the facts, to the extent of dismissing the third count of the information, and, as so modified, affirmed. The evidence of *scienter* on the third count is insufficient. The proof establishes beyond a reasonable doubt the defendant's guilt on the remaining three counts charging that he held out for sale and sold the described photographs and book, which are obscene within the meaning of section 1141. (*People* v. *Finkelstein*, 11 N Y 2d 300.) No objection was made to the receipt of the photographs purchased on January 11 and 13, 1961 on the ground that the information referred only to photographs purchased on January 18, 1961. Having failed to object to the variance, the question may not be raised for the first time on appeal. (*People* v. *McCarthy*, 250 N. Y. 358, 363; *People* v. *Formosa*, 131 N. Y. 478.) We do not find the sentence to be excessive. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.

■ PAUL SCHNEIDER, an Infant, by SIDNEY T. SCHNEIDER, His guardian ad Litem, et al., Respondents, v. GOOD HUMOR CORP. et al., Appellants.— Judgment in favor of plaintiff Sidney T. Schneider unanimously reversed upon the facts and complaint dismissed, and judgment in favor of Paul Schneider, an infant, by his guardian ad litem, reversed on the facts and a new trial ordered unless plaintiff stipulates within 10 days after service of a copy of the order to be entered herein, with notice of entry, to reduce the verdict to $40,000, in which event judgment affirmed, without costs. We find that plaintiff established a cause of action for negligence against defendant and that there was no substantial error in the record. The infant had previously received $47,500 and his father $10,000 for medical expenses and loss of services in settlement of another suit against another defendant involving the same accident. The father's actual medical expenses were less than $2,500. No actual loss of services was established. The amount already received was ample compensation for the damages suffered. The infant plaintiff was seriously and, in all probability, permanently injured. However, a total compensation of $87,500 compares very favorably with other awards for like disabilities. Settle order on notice. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.