Wachtler, J.
After a jury trial the defendant, Sebastian Biondo, was convicted of two counts of criminal usury (Penal Law, § 190.40) and was sentenced to a six-month term of imprisonment. On this appeal he asserts that the trial court committed reversible error in refusing to allow his challenge for cause of one of the members of the jury under former Code of Criminal Procedure (§ 376, subd 2). He also argues that certain testimony elicited by the prosecutor in the presence of the jury, concerning an uncharged crime of a similar nature, requires a reversal of his conviction.
During the course of the jury selection, Mr. Bogatin, defendant’s trial cousel, challenged the first juror for cause. Counsel informed the court that the juror, Paul J. Lissandrello, Jr., *484 and his father were real estate brokers with an office in the vicinity of Mr. Bogatin’s office and that they had had business dealings with Mr. Bogatin. The prospective juror and Mr. Bogatin had also met at several political and social affairs. Finally, and perhaps more important, Mr. Lissandrello’s father-in-law was an Assistant District Attorney in the Suffolk County District Attorney’s office and had presented and obtained the indictment against Biondo from the Grand Jury.
Mr. Bogatin then challenged the prospective juror for cause claiming that these elements constituted actual bias under the statute. The District Attorney accepted the facts as stated but argued that they were insufficient to establish the bias claimed. At this point, the trial court briefly examined the prospective juror concerning his fitness to sit in the instant case, asking: "Once again * * * do you feel in view of what has been said here, that you can sit as a juror, and consider only the evidence adduced before you in this case and render a fair and impartial decision as to the evidence, independent of your background?” The juror responded "I do” and the court then denied the challenge for actual bias.
Under the statute in effect at the time of the trial (Code Crim Pro, § 376, subd 2), a juror could be disqualified on the basis of actual bias "[f]or the existence of a state of mind on the part of the juror, in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that such juror cannot try the issue impartially and without prejudice to the substantial rights of the party challenging”. The statute also provided, however, that the taint of "actual bias” could be removed if the prospective juror "declare on oath, that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict according to the evidence, and the court is satisfied, that he does not entertain such a present opinion or impression as would influence his verdict” (Code Crim Pro, § 376, subd 2; see People v Genovese, 10 NY2d 478, 481-482).
Biondo argues that the requirements of the expurgatory oath called for by the statute were not met. This same argument was extensively treated by this court in our recent decision in People v Culhane (33 NY2d 90, 106-109). In Culhane (p 106), we noted that "although we have held that '[i]t is not necessary that the juror * * * should swear in the very words of the statute’ People v. Martell, 138 N. Y. 595, 600), we *485 have consistently demanded a strict adherence to the substance of the statute” (see People v Casey, 96 NY 115, 122).
In order to satisfy the statutory requirements, the prospective juror must expressly state that his prior state of mind concerning either the case or either of the parties will not influence his verdict, and he must also state that he will render an impartial verdict based solely on the evidence (People v Wilmarth, 156 NY 566, 569). Further, the juror’s oath must be unequivocal (People v McQuade, 110 NY 284, 301).
We are of the opinion that Mr. Lissandrello’s unequivocal statement of his belief in his ability to "consider only the evidence adduced before [him] in this case and render a fair and impartial decision as to the evidence” conformed to the substantive statutory requirements and sufficiently dispelled any taint which might have been suspected as a result of the juror’s tangential connection with various people associated with the case. We hold, therefore, that it was not error when the trial court refused to disqualify the juror.
We turn next to the issue raised with respect to the testimony relating to a similar but uncharged crime. In the course of the People’s direct case, testimony was introduced that the defendant had offered another individual, Charles Malinowski, a usurious loan identical in form and interest to the one which was the subject of one of the counts of the indictment upon which the defendant was being tried. Defense counsel moved for a mistrial. The trial court denied the motion but immediately instructed the jury to "erase it from your minds as far as any effect it has upon the present case. Ignore it. Forget it. Pay no attention to it.” The court then instructed that the testimony be stricken from the record.
The defendant contends that the introduction of this testimony was merely an attempt to prejudice the jury by showing that the defendant had a criminal disposition. The People, on the other hand, argue that the introduction of the testimony was entirely proper. They note that defense counsel, in his opening statement, remarked to the jury that the evidence at trial would merely show a loan between two people ignorant of both the law and accepted business practices. Hence, the People argue, the testimony of other similar acts was properly admissible to rebut the anticipated defense of lack of a guilty intent or knowledge (see People v Green, 35 NY2d 437, 442; *486 People v Gerks, 243 NY 166, 170; People v Molineux, 168 NY 264, 291-294).
While it is a well-established principle that "[i]n a very real sense a defendant starts his life afresh when he stands before a jury, a prisoner at the bar” (People v Zackowitz, 254 NY 192, 197; People v Molineux 168 NY 264, supra), it is quite conceivable that it would have been proper here for the prosecutor to have introduced the testimony in question after having heard the opening remarks of defense counsel. The trial court, however, ruled that the testimony was improper, and, in light of the prompt curative instructions to the jury to disregard it and the overwhelming evidence of guilt, we can find no basis for disturbing the judgment of conviction.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order affirmed.