■ In the Matter of ROBERT M. MORGENTHAU, Petitioner, v ERNST ROSENBERGER et al., Respondents. [630 NYS2d 55] —Petition, pursuant to CPLR article 78, seeking a writ in the

nature of prohibition to prevent a Justice of this Court from entertaining an application for bail pursuant to CPL 460.50, denied and the petition dismissed, without costs.

Defendant stands convicted of two counts of sexual abuse in the first degree, for which he was sentenced to concurrent terms of $1^1/_2$ to $4^1/_2$ years' imprisonment. Upon conviction, Supreme Court, New York County (Daniel P. FitzGerald, J.) remanded defendant without bail and, on December 21, 1994, application to fix bail pursuant to CPL 530.45 was made to respondent Justice Ernst Rosenberger, who issued an order setting bail in the amount of $3 million "until date of sentence". On January 17, 1995, defendant applied for "reconsideration" of the order, proposing that bail be set at $1.2 million. Although the application was followed by various submissions from the parties, no decision was issued, and defendant was sentenced on February 7, 1995. On February 9, 1995, defendant filed a notice of appeal and subsequently submitted a motion for bail pursuant to CPL 460.50 to respondent Justice.

In his petition, the District Attorney contends that, by requesting bail before Supreme Court on the date of sentencing, defendant forfeited his right to make an application for bail before this Court. The language of the respective bail provisions, however, does not support this view.

CPL 530.45 and 460.50 serve similar but distinct functions. CPL 530.45 provides a means for a defendant to obtain bail during the period following conviction and prior to sentencing. CPL 460.50 affords the means to obtain bail during the pendency of an appeal and, by its terms, applies to "a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court". (CPL 460.50 [1].) Each provision contains the language, "Not more than one application may be made pursuant to this section." (CPL 460.50 [3]; 530.45 [3].)

Respondent's initial order granting bail pursuant to CPL 530.45 expired, by its terms, on February 7, 1995, the date of sentencing. Defendant's application to modify the amount of bail was thereby rendered moot. Likewise, the application at sentencing before Supreme Court could not have been entertained under CPL 460.50 as the notice of appeal had not yet been filed (*People v Garcia*, 437 NYS2d 382 [2d Dept, Mollen, J.]). Indeed, in dismissing defense counsel's request for bail, Supreme Court specifically remarked that defendant would have the opportunity to make his application before whichever Justice of the Appellate Division he chose.

Defendant has made only one post-sentence application to fix

bail, and the statutory prescription for a single appellate bail application has not been violated. This Court therefore has jurisdiction to issue an order pursuant to CPL 460.50. Concur—Murphy, P. J., and Rubin, J. Kupferman, J., concurs in a memorandum and Ross and Mazzarelli, JJ., dissent in a separate memorandum by Ross, J., all as follows:

Kupferman, J. (concurring).

The Court is concerned with the issue of successive applications for bail, but I find that situation to be ambiguous and this Court's previous ruling, while indicative, to be non-binding.

Rather than tilt at windmills in an arcane analysis, I am concerned with the real issues, which are: (1) will defendant flee if released pending appeal; and (2) is there a basis with any substance for the appeal so that it would be unfair to require defendant to serve a term of imprisonment pursuant to a judgment that may possibly be reversed.

The bail of $1,400,000 to be posted as a predicate for defendant's release is more than sufficient and, especially when viewed in the context of the sentence of $1^1/_2$ to $4^1/_2$ years (of which some six months have been so far served with the remainder to be served if and when the appeal is lost), is not conducive to flight.

As to the basis for his appeal, defendant raises five points of which some have an apparent colorable basis. Accordingly, I agree with Justice Rosenberger that bail should be granted pending an expedited appeal.

In reaching my conclusion, I have put aside my personal distaste for this defendant and his lifestyle.

Ross, J. (dissenting).

I dissent. In my view the correct application of CPL 460.50 in this case would preclude a Justice of this Court from entertaining an application for bail pending appeal pursuant to CPL 460.50 at this juncture. While the application before the trial court (FitzGerald, J.) for bail pending appeal was made before defendant filed his notice of appeal, that application was apparently defendant's second application for relief pursuant to CPL 460.50. Defense counsel at page four of the memorandum submitted in opposition to the People's petition admits that "[a]t Mr. Shakur's February 7, 1995 sentencing, his trial counsel had applied for bail pending appeal under CPL § 460.50, which the trial court denied". Review of the record as it exists in this matter indicates that when defendant's attorney appeared before Justice Rosenberger on January 17, 1995 to propose a bail package in an amount less than the $3,000,000 bail, originally granted by Justice Rosenberger upon

defendant's application pursuant to CPL 530.45 for bail pending his sentencing, an application was made and that package proposed apparently for the time period pending appeal as well. This in my view was defendant's first application pursuant to CPL 460.50. Defendant filed his notice of appeal on or about February 9, 1995 and thereafter made a written application for bail pursuant to CPL 460.50 to Justice Rosenberger.

Consequently, the further written application to Justice Rosenberger for bail pending appeal was, in effect, defendant's third application for bail pending appeal. Justice Rosenberger, in taking jurisdiction after two prior applications were made, was in violation of the provision of CPL 460.50 stating that "[n]ot more than one application may be made pursuant to this section" (CPL 460.50 [3]) and acted without jurisdiction. In our dismissal of the motion concerning the jurisdictional issue referred to a full bench of this Court we stated as much.

Moreover, given the successive applications which have occurred herein, assuming jurisdiction at this point would violate the clear legislative intent of CPL 460.50 that only one application for bail pending appeal be made either to the trial court or to an Appellate Division Justice. As the People cogently argue, the limitation of a criminal defendant to one application for bail pending appeal has a long history in this State. The old Code of Criminal Procedure provided that a defendant was limited to just one application for a Certificate of Reasonable Doubt, which constituted a stay of the sentence and bail pending appeal (see, Code of Criminal Procedure §§ 527, 529, 555). The rule was prompted by a "legislative policy that the disposition of applications made to the discretion of one judge and denied, should not thereafter be the subject of review by another judge" (Carlisle v Barnes, 183 NY 272, 273-274). The inclusion of the one application language in CPL 460.50 clearly demonstrates that the legislative policy has not changed.

Clearly entertaining the bail application at all in this case, let alone granting bail in a substantially lesser amount than originally granted for the much shorter time period pending sentence, constitutes a dangerous precedent and sends a confusing message to the criminal bar. The message is conveyed that a defendant could obtain numerous chances at bail simply by testing the waters prior to filing a notice of appeal. If bail pending appeal is either denied or set too high by the trial court or appellate Justice who entertains such a premature bail application, the defendant could argue that the application was a nullity and then reapply for the same relief to another Justice. Clearly the proper course would be for no Judge

to entertain a CPL 460.50 application for bail pending appeal unless a notice of appeal has in fact been filed by the defendant.

Therefore, while finding that jurisdiction remains for a CPL 460.50 application in this case would be in accordance with Justice Mollen's decision in *People v Garcia* (437 NYS2d 382) and, all things being equal, is one viable interpretation of the statute, I believe that such a construction of the statute should be avoided herein. We are not bound by Justice Mollen's determination in *Garcia*, and in view of the conduct of defendant-appellant's counsel in this matter and practical result of our action, I believe the correct course herein would be to find that no further application for bail pursuant to CPL 460.50 should have been entertained. The celebrity of this defendant should not be relied upon to allow what would be, whether inadvertently or by design, an end run around the prohibition in CPL 460.50 against multiple applications for the same relief.

Accordingly, the petition seeking a writ of prohibition should be granted.